UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ARON MIRON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. LEWIS,<br><br>　　　　　　Defendant. | Case No. EDCV 23-01682-PA (DTB)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED** |

## I.

## INTRODUCTION

On March 30, 2023, plaintiff Aron Miron, while in state custody and requesting to proceed in forma pauperis, filed a "Complaint by a Prisoner Under the Civil Rights Act, 42 U.S.C. § 1983" in the Northern District. (Docket No. 1.) On August 11, 2023, the Northern District transferred the matter to this Court's calendar. (Docket No. 4.) On August 28, 2023, the previously assigned Magistrate Judge issued an Order Regarding Complaint (Docket No. 7) advising plaintiff that the Complaint was deficient on several grounds, including that it failed to state a proper claim under Section 1983 (Id. at 4-5). In its Order, the

1

Court also alerted plaintiff to the fact that the claims in the Complaint appeared to be untimely under the operative statute of limitations but made no finding thereon. (Id. at 4-7.) Plaintiff was provided an opportunity to cure the deficiencies in the Complaint and, after one extension of time, filed a First Amended Complaint ("FAC") (Docket No. 10) on October 27, 2023 pursuant to 42 U.S.C. § 1983 ("Section 1983"). The FAC asserts claims similar to those raised in the Complaint, and names a single defendant, "Dr. Lewis," in both his individual and official capacities.[1] The FAC alleges that Dr. Lewis rendered negligent medical treatment on three discrete occasions while plaintiff was incarcerated at Ironwood State Prison.[2] The Court has now screened the FAC pursuant to 28 U.S.C. § 1915 (e)(2). As plaintiff seeks to proceed in forma pauperis, under 28 U.S.C. § 1915 (e)(2), the Court must dismiss the FAC if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the FAC is subject to dismissal.

## II.
## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Pleadings by pro se plaintiffs are reviewed liberally and afforded the benefit of the doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see

---

[1] In its August 28, 2023 Order, the Court found that the Complaint was deficient on multiple grounds, including that the Complaint named Dr. Lewis in his official capacity (Complaint at 5-6). Plaintiff was ordered to remedy the deficiencies in the event he chose to file a First Amended Complaint. However, in spite of the Court's admonition, plaintiff's FAC alleges claims against Dr. Lewis in both his individual and official capacities. Notwithstanding the time-bar issue based on the apparent expiration of the statute of limitations regarding the claims raised in the FAC, as addressed herein, the FAC is also subject to dismissal on the grounds previously raised by the Court regarding Dr. Lewis being named in his official capacity.

[2] It appears to the Court that plaintiff is no longer in state custody. See plaintiff's change of address. (FAC at 10.)

also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In assessing whether a complaint states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Iqbal, 556 U.S. at 678 (observing that Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (finding that even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

Thus, to survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is "plausible"

3

when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. Allegations that are "merely consistent with" a defendant's liability or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See, e.g., Chaset v. Fleer/Skybox Int'l., 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

For purposes of evaluating whether a complaint fails to state a claim, a court may consider whether claims are time-barred. The expiration of the statute of limitations may be grounds for a court to dismiss a complaint, *sua sponte*, at the

4

screening stage on the grounds that it fails to state a claim when "the running of the statute of limitations is apparent on the face of the complaint." (Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 594, 596 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (internal quotations omitted). Belanus v. Clark, 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations); Franklin v. Murphy, 745 F.2d 1221, 1229 (9th Cir. 1984) ("An action may be dismissed under [IFP statute] where the defense is complete and obvious from the face of the pleadings or the court's own records."). A claim may be dismissed as time-barred only when "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim" (Von Saher, 592 F.3d at 969, quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995).

## III.
## DISCUSSION

**A.     The FAC Appears to be Time-Barred and, Therefore, Subject to Dismissal.**

The claims raised by plaintiff in the FAC appear to be barred by the applicable statute of limitations, *i.e.*, the deadline for filing a lawsuit, as they are alleged to have occurred approximately 13 years prior to the date upon which plaintiff filed the instant action. The applicable statute of limitations for actions brought pursuant to Section 1983 is the forum state's statute of limitations for personal injury actions. Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (citation omitted); Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir. 2019). "In California, personal injury claims that accrued after

January 1, 2003, are subject to a two-year statute of limitations." <u>Colony Cove Props., LLC v. City of Carson</u>, 640 F.3d 948, 956 (9th Cir. 2011); Cal. Civ. Proc. Code § 335.1; <u>Jackson v. Barnes</u>, 749 F.3d 755, 761 (9th Cir. 2014). Federal law determines when a cause of action accrues and the statute of limitations period begins to run. <u>McDonough v. Smith</u>, 588 U.S. ___, 139 S.Ct. 2149, 2155, 204 L.Ed.2d 506 (2019); <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Pursuant to federal law, "'a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action.'" <u>Soto v. Sweetman</u>, 882 F.3d 865, 870 (9th Cir. 2018) quoting <u>Lukovsky v. City of San Francisco</u>, 535 F.3d 1044, 1048 (9th Cir. 2008); <u>Bird</u>, 935 F.3d at 743.

Here, as noted above, the incidents alleged in the FAC occurred over several months in late 2009 and early 2010. (FAC at 3, 5-8.) Specifically, the FAC appears to allege three discrete claims of deliberate medical indifference against Dr. Lewis: (1) A procedure to remove plaintiff's gallbladder, which occurred on or about September 8, 2009 (FAC at 3, 5); (2) Dr. Lewis' decision to halt plaintiff's chemotherapy treatment for cancer on or about November 8, 2009 (FAC at 3, 6)[3]; and (3) a spinal surgery on March 8 and 9, 2010 (FAC at 3, 7). Thus, from the face of the FAC, plaintiff's claims appear to have accrued as of March 9, 2010, when the last incident of alleged deficient medical care occurred. The FAC is silent as to any date or dates upon which plaintiff discovered or otherwise knew, or had reason to know, of his alleged deficient medical care and deliberate indifference claims against Dr. Lewis. Though the FAC asserts that plaintiff completed his administrative grievance procedure pertaining to his claims (FAC at 2), he failed to attach any grievance documentation to the FAC. Such documentation would

---

[3]  As the FAC includes multiple pages entitled "page 5 of 6," the Court references the page numbering from the Court's Electronic Filing System.

presumably shed further light on the timeline of plaintiff's discovery of his claims against defendant Lewis.[4]

Since plaintiff was in custody at the time the underlying events occurred, he is also entitled to a period of tolling of the appliable limitations period. A federal court also borrows California's statutory and equitable tolling rules to calculate the limitations period, to the extent they are not inconsistent with federal law. See Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002); Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004). Among other statutory provisions, California applies up to two years of tolling for a plaintiff imprisoned for less than a life term. Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."); Brown v. County of Los Angeles, 830 F.App'x. 231, 232 (9th Cir. 2020) (only prisoners serving sentences less than life without the possibility of parole are entitled to tolling under section 352.1). Thus, it appears plaintiff is entitled to the two-year tolling period, in addition to the limitations period of two years, since he was imprisoned on a term less than for life at the time the events alleged in the FAC occurred.

California law also provides for the tolling of a statute of limitations based on mental incapacity. Cal. Civ. Proc. Code § 352(a) ("If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not party of the time limited for

---

[4] Pursuant to the Prison Litigation Reform Act of 1985 ("PLRA"), prisoners are required to exhaust any institutional administrative (grievance) procedures before filing suit. 28 U.S.C. § 1915A. However, exhaustion of a grievance process is an affirmative defense, and need not be specifically pled by a prisoner in a civil rights complaint. Jones v. Bock, 549 U.S. 199, 216 (2007).

the commencement of the action."). Here, there is nothing in the FAC to suggest that plaintiff qualifies for any mental incapacity tolling under section 352.

Accordingly, assuming plaintiff qualifies for two years of tolling under section 352.1, he would have had four years in which to bring his lawsuit, which means he would have had to file his action no later than March 9, 2014, or four years from the date upon which he discovered his claims. As the instant action was filed in 2023, it appears to be untimely by approximately nine years, absent a basis for equitable tolling.

California provides for equitable tolling in limited circumstances when the plaintiff satisfies the following three conditions: "(1) [D]efendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation and citation omitted); see also Jones, 393 F.3d at 928 ("Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'") (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). Relatedly, as exhaustion of remedies is mandated by the PLRA prior to an inmate bringing a Section 1983 lawsuit, tolling also generally occurs for the period when an inmate pursues mandatory exhaustion of administrative remedies. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). See also Soto, 882 F.3d at 870-71.

Here, the FAC provides no basis from which the Court could construe a period of equitable tolling sufficient to overcome the time bar. Plaintiff supplies no allegations or facts from which the Court could infer that he has pursued his claims reasonably, nor is it alleged that defendant Lewis was given timely notice of the

claims. As noted, while plaintiff asserts in the FAC that he has exhausted his administrative remedies regarding his claims, he has provided no information regarding the grievance process and did not attach any grievance documents to the FAC. Without any basis for a substantial period of equitable tolling, the FAC is untimely, as it appears that plaintiff failed to bring his claims concerning defendant's alleged conduct until March 2023, when he filed this action – approximately nine years after the last incident of alleged constitutional injury.

Before dismissing time-barred claims, however, a plaintiff must first be given an opportunity to address equitable tolling. See Givens v. City & County of San Francisco, 269 F.App'x. 685, 685-86 (9th Cir. 2008) (vacating and remanding district court's dismissal of complaint on initial screening pursuant to 28 U.S.C. § 1915A, without leave to amend, because plaintiff had not been afforded opportunity to address equitable tolling) (citing Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

Accordingly, IT IS ORDERED that plaintiff shall show good cause in writing, no later than February 11, 2024, as to why this action should not be dismissed as time barred. Plaintiff's response should address whether he properly qualifies for any basis for tolling the statute of limitations including any basis for equitable tolling, or other grounds sufficient to overcome the applicable statute of limitations. Alternatively, if plaintiff does not wish to proceed with this federal action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline.

/ / /

/ / /

/ / /

9

Plaintiff is cautioned that the failure to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action as time-barred, for lack of prosecution and/or for failure to comply with a Court Order.

IT IS SO ORDERED.[5]

DATED: January 11, 2024

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court's order herein constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the ruling to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the ruling is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the ruling herein if such party does not seek review thereof, or object thereto.